UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SANDRA ANDERSON,
    Petitioner,

v.                               Case No. 5:25-cv-137/TKW/MAL

WARDEN GABBY,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on Petitioner Sandra Anderson's petition for writ of habeas corpus, filed under 28 U.S.C. § 2241. ECF No. 2. After review of the petition, I recommend this case be summarily dismissed pursuant to Rule 4 of the Rules Governing 2254 Cases[1] and 28 U.S.C. §2255(e) because Petitioner is not entitled to relief under section 2241.

### I.    BACKGROUND

In September of 2022, Petitioner entered a guilty plea in the Middle District of Georgia to ten counts of a superseding indictment charging her and others with conspiracy, wire fraud, and financial aid fraud. M.D. Ga. Case 4:20cr32, ECF Nos.

---

[1] Rule 1(b) of the Rules Governing § 2254 Cases provides that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a) [which governs § 2254 case]." The Local Rules of this Court also provide that the Rules Governing § 2254 Cases apply to all habeas cases filed in this District, regardless of whether they were filed under § 2254. N.D. Fla. Loc. R. 5.7(C).

238, 239. The court sentenced her to a term of 108 months of imprisonment and imposed a joint and several restitution obligation of $11,821,002.00. *Id.,* ECF No. 273, 282. The Eleventh Circuit affirmed on August 6, 2024. *Id.,* ECF No. 341. Petitioner filed a motion under 28 U.S.C. § 2255 raising two claims of ineffective assistance of counsel. *Id.,* ECF No. 345. She claimed (1) counsel incorrectly advised her that she could challenge the court's pre-trial rulings even if she chose to plead guilty, and (2) counsel labored under a conflict of interest. *Id.* The district court denied Petitioner's § 2255 motion over her objection on May 19, 2025, and denied a certificate of appealability. *Id.*, ECF Nos. 365, 367, 368. Petitioner's appeal and request for a certificate of appealability remains pending in the Eleventh Circuit. ECCA Case 25-11877.

## II. PETITIONER'S § 2241 PETITION

In her § 2241 petition, Petitioner claims to bring this petition under the "saving clause" of 28 U.S.C. § 2255(e), because that remedy had proven "inadequate and ineffective." ECF No. 2 at 1. She asserts it is "clear the criminal process failed" her, pointing to the 19 months she waited for the result in her direct appeal and the 8 months she waited for a decision in her § 2255 petition. *Id.* She claims her case raises "serious constitutional concerns, actual innocence, due process violations, improper judicial conduct and unlawful seizures," and she assails the conduct of the "legally

brilliant" district judge who presided over her criminal proceedings. Petitioner raises the following specific grounds in her petition:

1. Actual Innocence

2. Involuntary Plea--Rule11 and Rule 32 Violations

3. False Testimony and Inflated Loss at Sentencing

4. Sham § 2255 Review and Judicial Bias

5. Systemic Misconduct and Racial Bias

6. Ongoing Constitutional Injury—Property not returned

ECF No. 2 at 1-2. As relief, she asks the Court to waive the $5.00 habeas filing fee; liberally construe the petition; order the Warden to respond; "vacate [her] conviction and sentence; or at the very least, hold an evidentiary hearing; and grant any other relief the Court deems just and proper. *Id.* at 2.

In her supplemental declaration, Petitioner complains that her § 2255 motion was denied without a meaningful de novo review. ECF No. 2-1 at 1. She alleges that there was a "complete failure of judicial safeguards" and "the cumulative weight of prosecutorial misconduct, racial bias and procedural unfairness renders 28 U.S.C. § 2255 inadequate and ineffective" in her case. *Id.*

## III. DISCUSSION

"[A] motion to vacate [under 28 U.S.C. § 2255] is the exclusive mechanism for a federal prisoner to seek collateral relief [from a federal conviction] unless he can satisfy the 'saving clause' …." *McCarthan v. Director of Goodwill Industries-Suncoast, Inc.,* 851 F.3d 1076, 1081 (11th Cir. 2017). Section 28 U.S.C. § 2255(e), known as the saving clause, provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

The fact that a procedural bar might prevent relief does not render the motion itself an ineffective or inadequate remedy. *McCarthan*, 851 F.3d at 1086. Nor does the fact that Petitioner filed a § 2255 motion and was denied relief in the sentencing court render the remedy inadequate. *Id.* "'Remedy' as used in the saving clause does not promise 'relief.'" *Id.* Even if the court was wrong, "the saving clause is concerned with the adequacy or effectiveness of the remedial vehicle ('the remedy by motion'), not any court's asserted errors of law." *Jones v. Hendrix*, 599 U.S. 465, 480-81 (2023).

There are only three circumstances where the remedy by § 2255 motion is inadequate or ineffective to vacate, set aside, or correct a sentence: (1) if the petitioner is challenging the execution of his sentence; (2) if the sentencing court is unavailable or has been dissolved; or (3) if there are practical considerations, such as multiple sentencing courts, that prevent a petitioner from filing a motion to vacate under section 2255. *McCarthan* at 1092-93. None of these circumstances apply to Petitioner.

Furthermore, a review of Petitioner's claims shows why they do not fall within the saving clause. Petitioner's claims numbered 1, 3, and 5 (actual innocence, false testimony and inflated loss at sentencing, and systemic misconduct and racial bias) could have been raised in her original § 2255 motion.[2] She previously raised some version of claim number 2 (that her plea was involuntary) and she may not relitigate the issue here. All of these claims go to the legality of her conviction and "the remedy by [§ 2255] motion could give [her] the relief [she] seeks" if her claims had any legal merit. *Amodeo v. FCC Coleman- Low Warden*, 984 F.3d 992, 1002-03 (11th Cir. 2021). Finally, petitioner's claim number 6 (sham § 2255 review and judicial bias in

---

[2] Petitioner's claim 6 complaining of "Ongoing Constitutional Injury" because property seized from her home was not returned to her (ECF No. 2 at 2) is governed by Federal Rule of Criminal Procedure 41(g). The claim is not appropriately raised in a § 2241 petition because it does not involve a challenge to her custody. *See* 18 U.S.C. § 2241(c) (habeas corpus extends to prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States.").

her case) should be brought to the attention of the Eleventh Circuit Court of Appeal, which is reviewing the denial of her § 2255 motion.

## IV. CONCLUSION

Because Petitioner cannot meet the requirements of the saving clause for any of her grounds, she cannot challenge her conviction or any aspect of the criminal proceedings against her under section 2241. It is therefore respectfully RECOMMENDED:

The Petition for Habeas Corpus under 28 U.S.C. § 2241, ECF No. 2, be DISMISSED under Rule 4 of the Rules Governing Section 2254 Cases.

DONE on June 17, 2025.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

## NOTICE TO THE PARTIES

The case was referred to me for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.